1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   BEATRICE EDWARDS  and                    No. CV 10-03755 CRB
     CARL C. EDWARDS,
12                                            **ORDER GRANTING DEFENDANT**
                    Plaintiffs,               **METLIFE'S MOTION FOR**
13                                            **SUMMARY JUDGMENT**
         v.
14
     METROPOLITAN LIFE INSURANCE
15   COMPANY, et al.,

16                  Defendants.
     _____/
17

18          Pro se Plaintiffs Carl and Beatrice Edwards brought suit against numerous unrelated

19   entities, alleging a variety of causes of action stemming from Mrs. Edwards' car accident on

20   February 6, 2008.  See generally Not. of Removal Ex. A (dkt. 1); First Amended Complaint

21   ("FAC") (dkt. 75).  Metropolitan Life Insurance Company ("MetLife"), the sole remaining

22   defendant, has moved for summary judgment on Plaintiffs' claims, as well as on its

23   counterclaim against Mrs. Edwards (dkt. 96).  See Mot. (dkt. 150).  Plaintiffs filed no written

24   response to the motion and informed the Court at a hearing on July 12, 2013, that they were

25   offering no opposition to MetLife's motion.  Accordingly, the Court GRANTS MetLife's

26   motion for summary judgment.

27   //

28   //

*United States District Court*
*For the Northern District of California*

# I.    BACKGROUND

As an employee of Citigroup, Inc., Mrs. Edwards was a participant in the Citigroup Long Term Disability ("LTD") Plan.  MetLife is the claim administrator for the LTD Plan and issued to Citigroup a group policy to fund LTD benefits.  Mrs. Edwards applied for benefits under the LTD Plan following her 2008 car accident, and her claim was approved in June 2008.  Due to her age, Mrs. Edwards was eligible for no more than 36 months of benefits—that is, through June 2011.  Mrs. Edwards started receiving Social Security benefits in May 2009, but MetLife did not become aware of such benefits until May 2010. Because her LTD benefits should have been reduced by the amount she was receiving in Social Security benefits, MetLife overpaid Mrs. Edwards from May 2009 to May 2010 in the amount of $24,154.

Thereafter, MetLife recovered the overpayment by withholding the monthly benefits Mrs. Edwards would have otherwise received.  MetLife contends that, contrary to Mrs. Edwards claim in this action, it never "denied" her claim for benefits, but rather she failed to receive payments because she owed MetLife an amount in excess of the benefits to which she was entitled.  As a result, MetLife asks the Court to find not only that Mrs. Edwards is not entitled to any further benefits from MetLife, but also that MetLife is entitled to recover the unpaid balance of their overpayment to Mrs. Edwards in the amount of $6754, as sought by their counterclaim.

MetLife also moves for summary judgment on any claims brought by Mr. Edwards on the ground that he lacks standing under ERISA to sue MetLife because he was neither a participant in the LTD nor a beneficiary.  To the extent Plaintiffs have alleged other causes of action against MetLife (which MetLife argues is not clear from the FAC), MetLife argues that ERISA preempts any claim for tort or general damages against it.

//

//

//

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.     LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden is on the moving party to demonstrate that there is no genuine dispute with respect to any material fact and that it is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The nonmoving party must "set out 'specific facts showing a genuine issue for trial.'" Id. at 324-25 (quoting Fed. R. Civ. P. 56(c)).  If the nonmoving party fails to make this showing, the moving party is entitled to judgment as a matter of law.  Id. at 323.

## III.     DISCUSSION

Plaintiffs did not oppose MetLife's summary judgment motion nor respond in writing to the Court's Order to Show Cause, which required that "[t]o the extent that Plaintiffs wish the Court to consider any response to the motion, such material shall be filed by 5:00 pm on Wednesday, June 19, 2013."  Order (dkt. 157).  The Court had previously issued its Summary Judgment Warning to Pro Se Plaintiffs in February 2013, which advised Plaintiffs, in relevant part that "[i]f you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial."  Summ. J. Warning (dkt. 143).

At the Show Causing hearing held on July 12, 2013, Plaintiffs informed the Court that they were not opposing MetLife's motion for summary judgment.

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS MetLife's motion for summary judgment and awards MetLife $6,745.00 on its counterclaim.

**IT IS SO ORDERED.**

Dated: August 2, 2013

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE